**Juan David MERCADO–BURGOS, et al., Plaintiffs,**

v.

**HOSPITAL DR. CAYETANO COLL Y TOSTE, et al., Defendants.**

**Civil No. 07–2207 (FAB).**

United States District Court, D. Puerto Rico.

April 14, 2009.

---

Irma R. Valldejuli–Perez, Moreda (M)Moreda, P.S.C., San Juan, PR, for Plaintiffs.

Giovanni Picorelli–Ayala, De Corral & De Mier, Shakira Santiago–Rivera, Quinones Tridas Law Office, PSC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

This case is before the Court pursuant to the provisions of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §§ 1395 et seq. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367 because of alleged medical malpractice, a tort claim pursuant to articles 1802 and 1803 of the Civil Code, Laws of P.R.Ann. tit. 31, §§ 5141, 5142.

Plaintiff, decedent Juan David Mercado–Burgos, was taken as a "John Doe" patient to defendant Hospital Cayetano Coll y Toste by paramedics, arriving at 8:35 p.m., December 22, 2006. He had been found on the ground of a funeral home's parking lot on San Luis Avenue in Arecibo, Puerto Rico. He was initially screened at the hospital's emergency room by defendant Dr. Veronica Alcantara–Muñoz. Mercado–Burgos was treated as having a "red emergency medical condition." Various medications were prescribed and various laboratory tests were ordered. Plaintiffs accept that Mercado–Burgos' "condition was properly assessed as an emergency condition, color red. So, it is not in controversy co-defendant Hospital's compliance [sic], with the first part of the EMTALA requirements (appropriate screening)." Joint Proposed Pre–Trial Order, p. 13; 42 U.S.C. § 1395dd; *See generally, Alvarez–Torres v. Ryder Memorial Hospital,* 576 F.Supp.2d 278, 283–84 (D.P.R.2008) (Besosa, J.) (collecting cases)

Plaintiff alleges, however, that EMTALA applies because "Co-defendant Hospital Coll y Toste failed to stabilize plaintiff's emergency condition and *attempted* to transfer him in an unstable condition in violation of the EMTALA provisions." (Joint PTO, p. 15) (emphasis supplied)

At the evidentiary hearing held on September 16, 2008, plaintiffs' expert, Dr. Angel Roman–Franco, was unequivocal in stating that Mercado–Burgos was never stabilized at any time from the moment he was brought to the hospital on December 22, 2006 at 8:45 p.m. until the moment he died at 1:21 p.m. on December 23, 2006.

Q (by Ms. Valldejuly): Dr. Roman, are measures taken by——ordered by Dr. Alcantara to stabilize this patient did indeed stabilize him?

A (by Dr. Roman): First, there were no measures to stabilize the patient. This is just general care, and, second, no, they did not stabilize the patient.

\* \* \*

Q (by the Court): Doctor, is there—— but was there any point when he arrived at the hospital and his death that he was stabilized?

A (by Dr. Roman): No.

Transcript (Docket Entry No. 22, pp. 84 and 52.)

Assuming that Mercado–Burgos was never stabilized, that does not end the issue. EMTALA requires covered hospitals (like Hospital Cayetano Coll y Toste) to stabilize a patient if "the hospital determines that the individual has an emergency condition." 42 U.S.C. § 1395dd(b)(1). The stabilization requirement only applies, however, to those individuals who, suffering from an emergency condition, were transferred (or discharged) away from the treating hospital. *Alvarez–Torres,* 576 F.Supp.2d at 284. "The duty to stabilize exists not in a vacuum, but rather in reference to a transfer from the hospital." *Torres Otero v. Hosp. General Menonita,* 115 F.Supp.2d 253, 260 (D.P.R.2000) (citation omitted) (quoted in *Alvarez–Torres,* 576 F.Supp.2d at 284).

It is undisputed that Mercado–Burgos was not transferred from the hospital. Indeed, he was admitted to the hospital's Intensive Care Unit (ICU).

Q (by Mr. Picorelli): And, Doctor, do you agree with me that this patient was evaluated once again by another doctor in this case, an Internal Medicine Specialist?

\* \* \*

A (by Dr. Roman): Yes, he's transferred to the ICU.
Q (by Mr. Picorelli): Okay, so this patient is admitted to the hospital?
A (by Dr. Roman): Yes, he's admitted.
Q (by Mr. Picorelli): This patient is admitted to the hospital by an order placed by an Internal Medicine Specialist, correct?
A (by Dr. Roman): Yes.
Q (by Mr. Picorelli): And he's admitted not only to the——to the institution, instead of, to the Intensive Care Unit?
A (by Dr. Roman): Yes.

Transcript, p. 80.

Because Mercado–Burgos was not transferred from Hospital Cayetano Coll y Toste, and, on the contrary, was admitted to the hospital's ICU, plaintiffs have not established a "stabilization" claim under EMTALA.

For the foregoing reasons, the Court **DISMISSES** plaintiffs' EMTALA claims against Hospital Cayetano Coll y Toste (and against defendant Dr. Alcantara and her conjugal partnership with her husband, to the extent the complaint can be read as such) **with prejudice,** leaving no remaining federal claims. The supplemental claims brought pursuant to the laws of Puerto Rico are **dismissed without prejudice.** Judgment shall be entered accordingly.

The Pre-trial Conference scheduled for April 16, 2009 at 9:00 a.m. and the Jury Trial scheduled to commence on May 4, 2009 are vacated and set aside.

**IT IS SO ORDERED.**